```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| KIMBERLY F., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Case # 1:22-cv-385-DB |
| | § |
| COMMISSIONER OF SOCIAL SECURITY, | § MEMORANDUM |
| | § DECISION AND ORDER |
| Defendant. | § |

## INTRODUCTION

Plaintiff Kimberly F. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 10).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 5, 6. Plaintiff also filed a reply brief. *See* ECF No. 7. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 5) is **GRANTED**, the Commissioner's motion for judgment on the pleadings (ECF No. 6) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth below.

## BACKGROUND

Plaintiff protectively filed an application for DIB on April 3, 2020, alleging disability beginning April 16, 2018 (the disability onset date), due to postural orthostatic tachycardia syndrome ("POTS") and anxiety. Transcript ("Tr.") 15, 181-186, 205. Plaintiff's claim was denied

initially on July 21, 2020, and again upon reconsideration on September 21, 2020, after which she requested an administrative hearing. Tr. 15. On February 5, 2021, Administrative Law Judge Bryce Baird ("the ALJ") conducted a telephonic hearing,[1] at which Plaintiff appeared and testified and was represented by Paul M. Pochepan, an attorney. *Id*. Dawn Blythe, an impartial vocational expert ("VE"), also appeared and testified at the hearing. *Id*.

On April 5, 2021, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. Tr. 15-26. On March 22, 2022, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's April 5, 2021 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## **LEGAL STANDARD**

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

---

[1] Due to the extraordinary circumstance presented by the Coronavirus Disease 2019 ("COVID-19") pandemic, all participants attended the hearing by telephone. Tr. 15.

## II.   The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual

3

functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his April 5, 2021 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2. The claimant has not engaged in substantial gainful activity since April 16, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairment: positional orthostatic tachycardia syndrome ("POTS") (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416. 1567(a)[2] except that she can lift and/or carry up to ten pounds occasionally and up to five pounds frequently can sit up to eight hours in an eight-hour day; and can stand and/or walk up to one hour in an eight-hour day. She is limited to occasional climbing ramps and stairs; never climbing ladders, ropes, and scaffolds; occasionally stooping; and no kneeling, crouching, or crawling. She is limited to working in an environment with no exposure to hazards such as unprotected heights or moving machinery.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on April 5, 1988 and was 30 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a limited education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not

---

[2] "Sedentary" work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally, and other sedentary criteria are met.

disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 16, 2018, through the date of this decision (20 CFR 404.1520(g)).

Tr. 15-26.

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits protectively filed on April 3, 2020, the claimant is not disabled under section 216(i) and 223(d) of the Social Security Act. Tr. 26.

## **ANALYSIS**

Plaintiff asserts three points of error. *See* ECF No. 5-1 at 1, 8-20. First, Plaintiff argues that, despite finding non-severe mental impairments at step two, the ALJ did not consider Plaintiff's mental health impairments at subsequent steps of the sequential evaluation and did not incorporate any mental health limitations into the RFC. *See id*. at 1, 8-14. Plaintiff next argues that the ALJ inappropriately relied on Plaintiff's activities of daily living, conservative treatment, and general desire to work to discount her debilitating symptoms, rendering his decision unsupported by substantial evidence. *See id*, at 14-18. Finally, Plaintiff argues that the ALJ erred at step five by improperly relying on VE testimony that Plaintiff could perform the available job of document preparer, which Plaintiff argues is an obsolete job. *See id*. at 18-20.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record and the ALJ's decision, the Court finds that Plaintiff's first argument has merit. Plaintiff asserts that, regardless of the ALJ's severity determination, the ALJ was still required to consider Plaintiff's non-severe mental health impairments at subsequent steps and incorporate even mild limitations into the RFC, which he failed to do. *See* ECF No. 5-1 at 1, 8-14.

The Commissioner argues in response that the ALJ properly found Plaintiff's anxiety non-severe at step two of the sequential evaluation (*see* ECF No. 6-1 at 7-13), but the Commissioner appears to misunderstand Plaintiff's argument. Plaintiff did not argue that the ALJ's severity determination itself was improper. *See* ECF No. 5-1, at 9, 11-12. Rather, Plaintiff argues that the ALJ was required to consider Plaintiff's non-severe mental health impairments throughout the sequential evaluation and when formulating the RFC, but he failed to do so. The Court agrees. Accordingly, remand is warranted on this issue.

An individual's RFC is her "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96–8p, 1996 WL 374184 at *2). In making an RFC assessment, the ALJ should consider "a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (citing 20 C.F.R. § 404.1545(a)).

At the second step of the sequential evaluation, an ALJ considers whether the claimant has at least one severe impairment or combination of impairments that meets the twelve-month durational requirement for establishing disability. *See* 20 C.F.R. § 404.1520(a)(4)(ii). It is the claimant's burden to present evidence demonstrating severity at step two. *See David Q. v. Comm'r*

*of Soc. Sec.*, No. 20-CV-1207MWP, 2022 WL 806628, at *3 (W.D.N.Y. Mar. 17, 2022) (citing *Briggs v. Astrue*, 2011 WL 2669476, *3 (N.D.N.Y.), *report and recommendation adopted*, 2011 WL 2669463 (N.D.N.Y. 2011)). An impairment is not "severe" if it does not significantly limit a claimant's physical or mental capacity to perform basic work activities, defined as the abilities and aptitudes to do most jobs. 20 C.F.R. § 416.922; SSR 85-28, 1985 WL 56856 (1985); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

If the claimant does not have any severe impairments, then the claimant is not disabled, and the sequential evaluation ends. *Id*. However, if the claimant has at least one severe impairment or combination of impairments, then the evaluation continues, and the ALJ considers all impairments and symptoms when evaluating RFC. *See* 20 C.F.R. § 404.1529, 404.1545(a)(2). Moreover, where the claimant's alleged disability includes mental components, at steps two and three the ALJ must also apply the so-called "special technique." *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008); *see also* 20 C.F.R. §§ 404.1520a(b)-(e).

Specifically, the ALJ must rate the claimant's "degree of functional limitation resulting from" a medically determinable mental impairment in "four broad functional areas": (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. §§ 404.1520a(b)-(c); *see also Lynn v. Colvin*, 2017 WL 743731, *2 (W.D.N.Y. 2017) (discussing former version of 20 C.F.R. § 404.1520a(c)(3)). "If and how the analysis proceeds from that point depends upon the degree of impairment found. However, the ALJ must document his analysis, and his written decision must reflect application of the technique, and . . . include a specific finding as to the degree of limitation in each of the four functional areas." *Lynn v. Colvin*, 2017 WL 743731 at *2 (alterations and quotations omitted).

7

Here, at step two, the ALJ found that Plaintiff had the severe impairment of positional orthostatic tachycardia syndrome, but he also recognized that Plaintiff's anxiety was a medically determinable impairment. Tr. 18-20. Applying the "special technique," the ALJ then explained that Plaintiff's anxiety caused mild limitations in the areas of interacting with others and concentrating, persisting, or maintaining pace. Tr. 19. Because Plaintiff's mental impairments caused no more than mild limitations, the ALJ found Plaintiff's anxiety to be non-severe. Tr. 20.

However, the ALJ failed to provide a more detailed assessment of Plaintiff's anxiety at steps four and five and did not include any mental limitations in the RFC; nor did he explain the absence of such limitations. Because the ALJ found that Plaintiff's anxiety was a medically determinable impairment (*albeit* nonsevere) (Tr. 18-20) and caused "mild" limitations in two of the four broad categories of functioning (Tr. 19), he was obligated to analyze the impact of Plaintiff's mental impairments in formulating Plaintiff's RFC. *See Theresa W. v. Comm'r of Soc. Sec.*, Case # 19-CV-6541-FPG, 2021 WL 1206519, *3 (W.D.N.Y. Mar. 31, 2021).

Regardless of whether an impairment qualifies as severe or non-severe at step two, an ALJ still must consider the impact of all medically determinable impairments in assessing the RFC. *See* 20 C.F.R. § 404.1545(a)(2) ("[the Commissioner] will consider all of [a claimant's] medically determinable impairments of which [the Commissioner] [is] aware, including [a claimant's] medically determinable impairments that are not 'severe' . . . when [the Commissioner] assess[es] [a claimant's] [RFC]"); *see also Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) ("[an] RFC determination must account for limitations imposed by both severe and non-severe impairments"); *Jatava L. v. Comm'r of Soc. Sec.*, No. 1:20-CV-00772-MJR, 2021 WL 4452265, at *5 (W.D.N.Y. Sept. 28, 2021) ("[r]egulations and case law are clear that an RFC determination must account for limitations imposed by both [severe] and non-severe impairments"); *Laura Anne H. v. Saul*, No. 6:20-CV-397 (TWD), 2021 WL 4440345, at *9

8

(N.D.N.Y. Sept. 28, 2021) ("[i]t is axiomatic that the ALJ is required to consider a plaintiff's mental impairments, even if not severe, in formulating the RFC") (citation omitted).

In this case, the ALJ erred by failing to adequately address or account for any functional limitations associated with Plaintiff's anxiety disorder in the RFC assessment. Tr. 20-24. Regardless of whether the ALJ's step-two severity determination regarding Plaintiff's anxiety impairment was supported by substantial evidence, the record does not demonstrate that the ALJ properly considered the impact of that impairment in evaluating plaintiff's RFC, as he was required to do. This error requires remand. *See* 20 C.F.R. § 404.1545(a)(2); *see also.Parker-Grose v. Astrue*, 462 F. App'x at 18 ("even if this [c]ourt concluded that substantial evidence supports the ALJ's finding that [claimant's] mental impairment was nonsevere, it would still be necessary to remand this case for further consideration because the ALJ failed to account [for claimant's] mental limitations when determining her RFC"). On remand, the ALJ should address whether the mild mental limitations caused by Plaintiff's anxiety affect her ability to perform the jobs identified by the VE and the ALJ at step four (*see* Tr. 25-26), or any other work.

Because the Court has already determined, for the reasons discussed above, that remand of this matter for further administrative proceedings is necessary, the Court declines to address Plaintiff's additional arguments. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted*); Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, *261 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## **CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 5) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 6) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE